# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNUM LIFE INSURANCE COM-
PANY OF AMERICA, a Maine cor-
poration, and PROVIDENT LIFE
AND ACCIDENT INSURANCE
COMPANY, a Tennessee corpora-
tion,

          Plaintiffs,

      v.

BRIAN LYTLE, an individual,
CHARLOTTE M. MONTGOMERY,
an individual, EBON EVANS, an in-
dividual, DETROIT MEMORIAL
PARK ASSOCIATION, INC., a
Michigan corporation, JONATHAN
LYTLE, an individual, and
MADISON LYTLE, and individual,

          Defendants.

Case No. 18-13234
Hon. Terrence G. Berg

## OPINION AND ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AGAINST BRIAN LYTLE

Plaintiffs filed this interpleader action to determine who is enti-
tled to life insurance benefits following the death of Reagan Lytle.
Ms. Lytle had $9,665.00 in life insurance coverage from Provident
Life and Accident Insurance Company ("Provident") and $92,000.00
in life insurance coverage from Unum Life Insurance Company of

America ("Unum"), for a total of $101,665.00. *See* First Amended Complaint, Dkt. 23.

Ms. Lytle designated her husband, defendant Brian Lytle as the beneficiary and her estate as the contingent beneficiary for her Provident account. Dkt. 23, PageID.178. For her Unum account, Ms. Lytle designated Brian Lytle as the sole beneficiary, and did not designate any contingent beneficiary. Dkt. 23, PageID.180. The Unum policy provides that if a named beneficiary is disqualified from receiving the benefits, Unum may pay the benefits instead to the decedent's estate or the decedent's children. Dkt. 23, PageID.180–181.

In the instant case, Ms. Lytle was shot and killed by Brian Lytle. Dkt. 23, PageID.181. Brian Lytle was convicted of second-degree murder for her death. Dkt. 23, PageID.181. Brian Lytle cannot receive life insurance benefits resulting from the death of a person he murdered. *Metropolitan Life Ins. Co. v. McDavid*, 39 F. Supp. 228, 231 (E.D. Mich. 1941).

After Ms. Lytle's death, several parties asserted a right to her insurance benefits: Brian Lytle, Charlotte Montgomery (Ms. Lytle's mother), Ebon Evans (Ms. Lytle's friend), Detroit Memorial Park Association, Inc. (a funeral home), and Jonathan and Madison Lytle (Ms. Lytle's children, by and through their appointed guardian,

Mary Rossman, Superintendent of the Michigan Children's Institute). Dkt. 23, PageID.183–184. Plaintiffs filed this interpleader, requesting this Court determine who should receive the benefits.

Detroit Memorial Park Association, Inc. disclaimed its interest and was dismissed from this case by way of a Stipulated Order. Dismissal Order, Dkt. 20. Ebon Evans, Charlotte Montgomery, and MCI Superintendent Rossman filed a stipulation that Jonathan and Madison Lytle are entitled to all the benefits. Evans and Montgomery thus disclaimed any personal interest in the benefits.

Defendants Madison and Jonathan Lytle, through their Guardian, Michigan Children's Institute Superintendent Mary Rossman, moved this Court to enter default judgment against defendant Brian Lytle, the only other remaining defendant. Brian Lytle was personally served with Plaintiffs' summons and complaint on October 24, 2018, but—to date—has not appeared or filed any answer to the complaint. *See* Summons and Complaint Return of Service, Dkt. 8. On November 16, 2018, Plaintiffs requested that the Clerk of the Court enter default against Brian Lytle for failure to plead or defend. Request for Clerk's Entry of Default, Dkt. 15. The Clerk entered default against Brian Lytle on the same day. Entry of Default, Dkt. 16. MCI Superintendent Rossman, on behalf of Jonathan and Madison Lytle, now requests that this Court enter default judgment against Brian Lytle pursuant to Fed. R. Civ. P. 55(b)(2).

A "named interpleader defendant who fails to answer the interpleader complaint and assert a claim to the res forfeits any claim of entitlement that might have been asserted." *Aetna Life Ins. Co. v. Gablow*, No. 09-14049, 2010 WL 4024719, at *2 (E.D. Mich. Oct. 13, 2010) (citing *Sun Life Assurance Co. of Canada v. Conroy*, 431 F. Supp. 2d 220, 226 (D.R.I. 2006).

Having reviewed the papers and proceedings in support of the Motion, and this Court being fully satisfied that Brian Lytle was effectively served with copies of the Complaint and other case-initiating documents, and all other papers and proceedings in this action; and good cause being shown; the Court hereby **GRANTS** the Motion for Default Judgment against Brian Lytle.

## Conclusion

For the foregoing reasons, the Court hereby **GRANTS** Defendant MCI Superintendent Rossman's motion for default judgment against Brian Lytle. Default Judgment, pursuant to Federal Rule of Civil Procedure 55(b)(2) and Local Rule 55.2, is hereby **ENTERED** against Defendant Brian Lytle.

**SO ORDERED.**

| Dated: February 19, 2019 | s/Terrence G. Berg |
|---|---|
| | TERRENCE G. BERG |
| | UNITED STATES DISTRICT JUDGE |

## Certificate of Service

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on February 19, 2019.

s/A. Chubb
Case Manager